UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANASTASIA RODRIGUEZ §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>ESURANCE INSURANCE COMPANY §<br>AND ALLAN STEWART, JR. §<br>§<br>*Defendants*. § | CIVIL ACTION NO.  5:17-CV-00453-XR |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (Docket no. 15) and Defendants' Motion to Dismiss (Docket no. 9). After careful consideration, the Court GRANTS Plaintiff's Motion to Remand and DISMISSES Defendant's Motion to Dismiss as moot. Accordingly, this case is hereby REMANDED to the state court.

## BACKGROUND

Plaintiff Anastasia Rodriguez brought this action in the 57th Judicial District Court of Bexar County, Texas on April 6, 2017. Docket no. 1-1. She asserts various causes of action against Defendants Esurance Insurance Company and Allan Stewart Jr. relating to storm damage to her home that was covered by a policy issued by Esurance. *Id.* at 6, 9–13. Plaintiff alleges that in April 2016, the property sustained wind, hail, and water damage from a storm, and that the Esurance policy covered such damage. Docket no. 1-1 at 6.

Esurance allegedly assigned Plaintiff's claim to Defendant Stewart, a claims adjuster, to investigate the claim and prepare a repair estimate. Docket no. 1-1 at 12. In general, Plaintiff alleges that Stewart "conducted an outcome oriented investigation." *Id.* at 6. In particular, Plaintiff alleges that:

> [Stewart] inspected Plaintiff's property on or about May 16, 2016. During the inspection, [Stewart] was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, [Stewart] ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Stewart, ignored covered damages including but not limited to the composite shingle roof, the flat roof, fascia, garage, living room, dining room, kitchen, den, water heater, bathroom, hallway, bedroom, and laundry room. Subsequent to the inspection, [Stewart] prepared a repair estimate, completed on or about May 16, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating [Stewart] did not conduct a thorough investigation of the claim.

*Id.* at 12. Plaintiff adds that Stewart failed to properly adjust the claim, inspect the property, request information, investigate the claim, respond to requests for information, timely evaluate the claim, and report to Esurance regarding the status of the claim. *Id.* at 12–13. These allegations purport to establish causes of action against Stewart under the Texas Insurance Code. *Id.* at 11.

On May 19, 2017, Esurance removed this action on the basis of diversity jurisdiction. Docket no. 1. Plaintiff is a citizen of Texas, Defendant Esurance is a citizen of Wisconsin and California, and Defendant Stewart is a citizen of Texas. Docket no. 1 at 2. Defendant Esurance contends that complete diversity exists despite the presence of Defendant Stewart because he has been improperly joined. *Id.* On May 31, 2017, Esurance moved to dismiss the case for lack of subject matter jurisdiction and failure to state a claim, arguing that Plaintiff failed to meet all conditions precedent to filing the lawsuit, making her claims unripe for consideration. Docket no. 9 at 7–8. On June 16, 2017, Plaintiff moved to remand, asserting that there was no basis for diversity jurisdiction because Stewart is properly joined and his citizenship must be considered. Docket no. 15. On June 30, Esurance filed a response in opposition to Plaintiff's motion to remand, arguing that Plaintiff's "pleadings . . . fail to properly state a cause of action against Defendant Stewart." Docket no. 17 at 2.

**DISCUSSION**

The Court now turns to the pending motions. The Court first addresses the motion to remand. Because the Court finds that the case must be remanded, it does not have jurisdiction to decide the motion to dismiss and therefore dismisses it as moot. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

**I.     Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Docket no. 1-1 at 14. The citizenship of the parties is also undisputed—Plaintiff and Defendant Stewart are both Texas citizens, and Defendant Esurance is a citizen of Wisconsin and California. Docket no. 1 at 2.

A defendant may remove a case with a non-diverse defendant to a federal forum if the non-diverse defendant is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l*

*Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Because Stewart is in fact non-diverse, the second type of improper joinder is at issue, and the Court must determine whether Plaintiff has stated a cause of action against him. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is

4

"arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550

Plaintiff contends that the improper joinder analysis must employ Texas "fair notice" pleading standards. Docket no. 15 at 1. This is incorrect. Because district courts must conduct a Rule 12(b)(6)-type analysis, the Fifth Circuit has held that courts must employ the federal pleading standard. *Int'l Energy*, 818 F.3d at 208. However, Plaintiff also contends that her pleadings do satisfy the federal pleading standard, and therefore that Stewart is properly joined. Docket no. 15 at 6.

## II. Application

Plaintiff alleges the following state-law causes of action against Stewart: (1) a violation of § 542.003(b)(5) of the Texas Insurance Code and 28 TAC § 21.203(5); and (2) violations of § 541.060 of the Texas Insurance Code. Docket no. 1-1 at 8. Plaintiff asserts that she "has provided a factual foundation for [these] statutory violations." Docket no. 15 at 7. To the contrary, Esurance asserts that "the allegations against Stewart in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action" and "are unsupported by real facts." Docket no. 1 at 3. Because the Court agrees with Plaintiff on the claims brought under § 541.060 of the Texas Insurance Code and finds that there is a reasonable basis to predict that state law might allow her to recover against Stewart on these claims, Stewart is properly joined and this action must be remanded; the Court need not analyze Plaintiff's other claims against Stewart.

Plaintiff relies on §§ 541.060(a)(1)–(4)(A), (7) of the Texas Insurance Code in her complaint. Docket no. 1-1 at 11. Of the eight violations of this section listed in the Plaintiff's original complaint, six would be insufficient alone because they are "are near verbatim

5

recitations of the statute itself." *Moore v. State Farm Mut. Auto. Ins. Co.*, CIV.A. H-12-1539, 2012 WL 3929930, at *4 (S.D. Tex. Sept. 6, 2012). Two of the eight alleged violations, however, provide greater context to the foregoing allegations by explaining that Stewart "ignor[ed] damage known to be covered by the Policy; and/or conduct[ed] an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim." Docket no. 1-1 at 8–9.  Plaintiff explains her factual bases for these allegations in a nearly two-page description of Stewart's conduct, including that: (1) Stewart under-scoped damages; (2) Stewart ignored a variety of damages (which Plaintiff specifically describes); and (3) Stewart did not respond to requests for the status of the loss and payment made by Plaintiff. Docket no. 1-1 at 9–10.

In its notice of removal, Esurance does not rely on case law to demonstrate the insufficiency of Plaintiff's allegations, stating only that the allegations do not satisfy the pleading requirements. Docket no. 1 at 3. As a matter of law, Defendant's position has support; courts in this circuit have held that mere "boilerplate allegations" against an insurance adjuster constitute improper joinder. *See Elizondo v. Metro. Lloyds Ins. Co. of Tex.*, 4:16-CV-306, 2016 WL 4182729, at *3 (E.D. Tex. Aug. 8, 2016) (finding improper joinder when complaint stated only that "[adjusters] were 'improperly trained and failed to perform a thorough investigation of Plaintiff's claim[s]', [sic] and utilized 'unfair settlement practices.'") Allegations have been found insufficient when they are limited to conclusory statements such as: "[d]efendant . . . made numerous errors in estimating the value of Plaintiff's claim." *Young v. Travelers Pers. Sec. Ins. Co.*, 4:16-CV-235, 2016 WL 4208566, at *1 (S.D. Tex. Aug. 10, 2016).

In contrast, courts find joinder to be proper when the pleadings contain specific allegations about *how* the adjuster failed to properly investigate the claim. *E.g.*, *Martinez v. State*

6

*Farm Lloyds*, 3:16-CV-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016); *Blain v. State Farm Lloyds*, 6:16-CV-272-RP-JCM, 2016 WL 6200086, at *5 (W.D. Tex. Sept. 27, 2016), *report and recommendation adopted*, 6:16-CV-272-RP-JCM, 2016 WL 6157442 (W.D. Tex. Oct. 21, 2016). In *Blain*, this Court found joinder proper when the "Plaintiff's Petition specifically allege[d] how the inspection was inadequate. Plaintiff explicitly state[d] what damages [the adjuster] omitted or undervalued. Plaintiff also specifically allege[d] miscalculation by [adjuster] in his report . . . includ[ing] a failure to apply sales tax and to account for overhead and profit." *Blain*, 2016 WL 6200086, at *5. These allegations were specific enough "to create a reasonable basis that Plaintiff may recover from [the adjuster]". *Id.* at *6.

      Here, Plaintiff alleges that Esurance assigned Stewart to handle her claim and inspect the property on May 16, 2016. Docket no. 1-1 at 9. She alleges that during this inspection, Stewart ignored covered damages and refused to record all damages caused by the loss. *Id.* She alleges, with great specificity, that Stewart ignored damage to two parts of the roof, the fascia, her garage, seven identified rooms, a hallway, and a water heater. *Id.* She further alleges that when Stewart prepared an estimate of the repairs, he "vastly under-scoped" the damage to the property, resulting in an incomplete payment of the claim. *Id.* Additionally, Plaintiff alleges that during the process of claim adjustment, Stewart failed to correspond with her and failed to carry out the evaluation, estimation, and reporting of the claim in a timely and proper manner. *Id.* Plaintiff further explains that despite her cooperation with Stewart, he has refused to respond to inquiries about the claim. *Id.* at 10. As a result of Stewart's conduct and "outcome-oriented investigation," Plaintiff alleges she has not received full payment. *Id.*

Plaintiff's petition goes beyond the level of boilerplate allegations found in *Elizondo* and *Young*. Plaintiff's allegations are more similar to those in *Blain* and *Martinez* which made joinder proper and warranted remand. Plaintiff's statements are neither vague nor conclusory, and instead show a "possibility of recovery by the plaintiff against [the] in-state defendant." *Smallwood*, 385 F.3d at 573.

In sum, Plaintiff has pled facts that provide a reasonable basis to predict that she might be able to recover against Stewart on this claim; thus, Stewart is properly joined and his citizenship must be considered when determining whether the parties are completely diverse under 28 U.S.C. § 1332(a). *Id*. Because Stewart is not diverse from Plaintiff, diversity is lacking and the case must be remanded to state court.

## CONCLUSION

Plaintiff's motion to remand (Docket no. 15) is GRANTED. Defendants' motion to dismiss (Docket no. 9) is DISMISSED as moot. *See Int'l Energy*, 818 F.3d at 209 ("[A]s long as a non[-]diverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself.") (emphasis original). This case is hereby REMANDED to the state court.

It is so ORDERED.

SIGNED this 2nd day of August, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE